UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GILBERT M. HINOJOSA,

                Plaintiff,

v.                                      Case No. 24-cv-1153-pp

CHRISTOPHER SCHMALING, *et al.*,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 9)**

---

Plaintiff Gilbert M. Hinojosa, who is incarcerated at Stanley Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 8 at 7. The court gave the plaintiff an opportunity to file an amended complaint, id.; the court received an amended complaint on December 23, 2024, dkt. no. 9, and this order screens the it.

**I.    Screening the Amended Complaint**

    **A.**    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Amended Complaint's Allegations

The plaintiff was confined at the Racine County Jail during the events described in the complaint. He alleges that on November 21, 2021, he sent a request to see medical staff because he had pain radiating from his molar and had been bleeding from his gums for over two weeks. Dkt. No. 9 at 7. After five days of not seeing any medical staff, on November 26, 2021, the plaintiff allegedly pulled out his molar on his own without any pain medication. Id. He states that from November 22, 2021 through December 5, 2021, he asked correctional officers to "call down to Medical" but he never was called. Id. He allegedly asked defendants CO Hernandez, CO Lopez, CO Avery, CO Fonseca, Jane Doe Nurses, Sergeant Noonan, Sergeant Koonez, Sergeant Ramos, Lieutenant John Doe and Sheriff Schmaling for help, but they either did not help him and told him he would be called soon or told him that they would look into it. Id. at 7-12. The plaintiff states that from November 2021 to May 2023, medical staff did not see him for his tooth or bleeding gums. Id. at 13.

The plaintiff alleges that on July 22, 2022, defendant Lieutenant Gonzalez and correctional officers took his tooth from his cell during a cell search. Id. He says that he requested copies of the video and/or photos of it and was told that he could not have copies until he was released from prison. Id. For relief, the plaintiff seeks compensatory damages. Id. at 15.

C.  Analysis

The court assumes that the plaintiff was a pretrial detainee during the events described in the complaint because he was incarcerated at the Racine

County Jail. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff's allegations—that he sought help for his painful and harmful tooth condition but received no response or treatment—implicate his constitutional rights. The plaintiff may proceed against defendants CO Hernandez, CO Lopez, CO Avery, CO Fonseca, Jane Doe Nurses, Sergeant Noonan, Sergeant Koonez, Sergeant Ramos, Lieutenant John Doe and Sheriff Schmaling in their individual capacities. After the named defendants have filed a responsive pleading to the amended complaint and the court issues a scheduling order, the plaintiff will need to use discovery to identify the names of the Doe defendants.

The plaintiff's allegation that Gonzalez removed his tooth from his cell does not implicate the plaintiff's constitutional rights. The amended complaint does not contain any allegations against defendant Captain John Doe. The court will dismiss Gonzalez and Captain John Doe and the court will dismiss those defendants.

## II. Conclusion

The court **ORDERS** that defendants Captain John Doe and Lt. Gonzalez are **DISMISSED**.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendants Christopher Schmaling, CO Hernandez, CO Lopez, CO Avery, CO Fonseca, Sgt. Noonan, Sgt. Koonez and Sgt. Ramos under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee. The court **ORDERS** those defendants to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 14th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**